UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CHERYLL CLEWETT**, on behalf of herself and all others similarly situated,<br><br>*Plaintiff*,<br>v.<br><br>**TXU ENERGY RETAIL COMPANY, LLC**<br><br>Defendant. | Civil Case No.: 3:21-cv-692<br><br>**COMPLAINT - CLASS ACTION** |

## INTRODUCTION

1. This action arises out of Defendant, TXU Energy Retail Company LLC's ("Defendant" or "TXU Energy"), practice of making autodialed, prerecorded telemarketing calls to individuals on the National Do-Not-Call Registry without prior express written consent (or any consent whatsoever), in violation of two separate provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and provisions of the Texas Business & Commerce Code.

2. Plaintiff has done no business with Defendant and has never provided Defendant prior express written consent to call her telephone with prerecorded messages.

3. Plaintiff's telephone number was registered on the National Do-Not-Call Registry at the time of the calls.

4. Accordingly, Plaintiff brings this TCPA action on behalf of herself and four classes of similarly situated individuals under 47 U.S.C. §§ 227(b) and 227(c), and Texas Business & Commerce Code §§ 302.302(a) and 305.053.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

6. This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), because it is so closely related to the federal claims that they form a single case or controversy.

7. This Court has jurisdiction over TXU Energy because TXU Energy conducts business transactions in this District and has committed tortious acts in this District.

8. Venue is proper in this District because Defendant conducts significant amounts of business transactions within this District and because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## PARTIES

9. Plaintiff Cheryll Clewett ("Clewett") is, and at all times mentioned herein was, a citizen and resident of Spring, Texas.

10. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

11. Plaintiff is, and at all times mentioned herein was, a "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27)

12. Plaintiff is, and at all times mentioned herein was, a "purchaser" as defined by Tex. Bus. & Com. Code § 302.001(3).

13. Defendant is, and at all times mentioned herein was, a Texas limited liability company headquartered at 6555 Sierra Drive, Irving, Texas 75039.

14. Defendant is, and at all times mentioned herein was, a "person" as defined by 47

U.S.C. § 153 (39).

15. Defendant is, and at all times mentioned herein was, a "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27).

16. Defendant is, and at all times mentioned herein was, a "seller" as defined by Tex. Bus. & Com. Code § 302.001(5).

## GENERAL FACTUAL ALLEGATIONS

17. Defendant, or someone acting on its behalf and at its direction, makes prerecorded telemarketing calls marketing its electricity plans.

18. These telephone calls come from changing 10-digit numbers, which are likely "spoofed," but all follow the same pattern: they play the same prerecorded message offering savings of 15% on the consumer's electric bill and ask the recipient to press "one" to be connected to a representative.

19. Because each of these calls were advertising Defendant's products and/or services, they constitute telemarketing and telephone solicitations.

20. Each of these telephone calls were made as part of an automated campaign that generates or pulls numbers from a database and, with limited to no human intervention, makes calls and plays prerecorded messages.

## PLAINTIFF CLEWETT'S FACTUAL ALLEGATIONS

21. Plaintiff Clewett is the user of a residential telephone number ending in 6431.

22. Plaintiff Clewett's telephone number ending in 6431 has been on the National Do-Not-Call Registry since May 9, 2013.

23. Plaintiff Clewett received three (3) of Defendant's prerecorded telephone calls as described herein.

24. These prerecorded telephone calls include calls on February 15, 2021, February 16, 2021 and February 19, 2021.

25. Plaintiff Clewett never provided prior express written consent (or any consent) to Defendant for these telephone calls.

26. Prior to the conclusion of the first call, Plaintiff Clewett sought to stop these calls by requesting that Defendant stop calling.

27. Upon information and belief, Defendant does not maintain adequate records to track revocation of consent.

## DEFENDANT'S LIABILITY

28. Because Defendant's calls constitute telemarketing, Defendant was required to obtain prior express written consent from the persons to whom Defendant made calls.

29. "Prior express written consent" is specifically defined by statute as:

> [A]n agreement, in writing, bearing the signature of the person called <u>that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice</u>, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

47 C.F.R. §64.1200(f)(8)

30. Plaintiff Clewett never provided Defendant with any consent, written or otherwise.

31. Accordingly, each of Defendant's telemarketing calls to Plaintiff Clewett using an automatic telephone dialing system and artificial or prerecorded voice violated 47 U.S.C. § 227(b).

32. For violations of 47 U.S.C. § 227(b), Plaintiff is entitled to a minimum of $500 per call.

33. Plaintiff is entitled to $1500 per call if Defendant's actions are found to be knowing or willful.

34. In addition, the TCPA prohibits making "any telephone solicitation" to a telephone number on the National Do-Not-Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c).

35. Plaintiff's number was on the National Do-Not-Call Registry prior to the calls.

36. While the exact number of calls to Plaintiff's telephone number will be determined in discovery, Plaintiff has received more than two (2) such telemarketing calls in a 12-month period, as required by 47 U.S.C. § 227(c) for violations of § 227(c).

37. Accordingly, for violations of 47 C.F.R. § 64.1200(c), Plaintiff is entitled to an additional $500 per call.

38. Plaintiff is entitled to an additional $1500 per call if Defendant's actions are found to be knowing or willful.

39. In addition, pursuant to § 305.053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both.

40. As set forth above, Defendant violated 47 U.S.C. § 227, or a regulation adopted under that provision.

41. Accordingly, Plaintiff is entitled to a permanent injunction, and the greater of $500.00 for each violation or Plaintiff's actual damages for each call made by Defendants. *See* Tex. Bus. & Com. Code § 305.053(b).

42. Plaintiff is entitled to an additional $1500 per call if Defendant's actions are found to be knowing or intentional. *See* Tex. Bus. & Com. Code § 305.053(c).

43. In addition, pursuant to § 302.101 of the Texas Business & Commerce Code, a seller is prohibited from engaging in telephone solicitation from a location in this state or to a

purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

44. Defendant violated § 302.101 of the Texas Business & Commerce Code when its representatives engaged in continuous and repetitive telephone solicitation without obtaining a registration certificate from the Office of the Secretary of State.

45. Accordingly, for violations of § 302.101 of the Texas Business & Commerce Code, Plaintiff is entitled to an award of no more than $5,000 for each violation pursuant to § 302.302(a) of the Texas Business & Commerce Code.

46. In addition, pursuant to § 302.302(d) of the Texas Business & Commerce Code, Plaintiff is entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

47. Plaintiff has suffered concrete harm because of Defendant's unwanted and unsolicited telemarketing calls, including, but not limited to:

- Lost time tending to and responding to the unsolicited calls;
- Invasion of Privacy; and
- Nuisance.

48. These forms of actual injury are sufficient for Article III standing purposes.

### CLASS ACTION ALLEGATIONS

49. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of two categories of proposed "Classes," the "TCPA Classes" and the "Texas Classes" as defined as follows:

### THE TCPA CLASSES

Since March 24, 2017, Plaintiff and all persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) a prerecorded or artificial voice telemarketing call, or to whose cellular telephone number Defendant placed a call using an automatic telephone dialing system.

("TCPA 227(b) Class")

Since March 24, 2017, Plaintiff and all persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing calls in a 12-month period when the telephone number to which the telephone calls were made was on the National Do-Not-Call Registry at the time of the calls.

("TCPA 227(c) Class")

## TEXAS CLASSES

Since March 24, 2017, Plaintiff and all residents of the State of Texas to whose telephone number Defendant placed (or had placed on its behalf) a telephone solicitation when Defendant did not hold a registration certificate as required by Tex. Bus. & Com. Code § 302.101.

("Texas § 302.101 Class").

Since March 24, 2017, Plaintiff and all residents of the State of Texas to whose telephone number Defendant: (1) placed (or had placed on its behalf) a call in violation of 47 U.S.C. § 227(b) or (2) Defendant placed (or had placed on its behalf) a call in violation of 47 U.S.C. § 227(c).

("Texas § 305.053 Class")

(The TCPA Classes and the Texas Classes are collectively referred to herein as the "Classes.")

50.  Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

51.  The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

52.  The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant and third parties maintain written and electronically stored data showing:

    a. The time period(s) during which Defendant placed its calls;

    b. The telephone numbers to which Defendant placed its calls;

    c. The telephone numbers for which Defendant had prior express written consent;

    d. The purposes of such calls; and

    e. The names and addresses of Class members.

53. The Classes are comprised of hundreds, if not thousands, of individuals.

54. There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

    a. Whether Defendant (or someone acting on its behalf) used an automatic dialing system or prerecorded voice in placing its calls;

    b. Whether Defendant (or someone acting on its behalf) obtains prior express written consent;

    c. Whether Defendant (or someone acting on its behalf) makes solicitations and telemarketing calls to telephone numbers registered on the National Do-Not-Call Registry;

    d. Whether Defendant had the requisite registration certificate as required by Tex. Bus. & Com. Code § 302.101 when making telephone solicitations;

    e. Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and

    f. Whether Defendant should be enjoined from engaging in such conduct in the future.

55. Plaintiff is a member of the Classes in that Defendant placed two or more prerecorded telemarking calls using an automatic telephone dialing system to her phone in a one-year period when her telephone number was on the National Do-Not-Call Registry.

56. Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

57. Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

58. Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

59. Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent her and the Classes.

60. Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

61. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

62. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

63. Common questions will predominate, and there will be no unusual manageability issues.

### FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the TCPA 227(b) Class)

64. Plaintiff and the proposed TCPA 227(b) Class incorporate the foregoing allegations as if fully set forth herein.

65. Defendant placed, or had placed on its behalf, prerecorded and autodialed telemarketing telephone calls to Plaintiff's and TCPA 227(b) Class Members' telephone numbers without prior express written consent.

66. Defendant has therefore violated 47 U.S.C. § 227(b).

67. As a result of Defendant's unlawful conduct, Plaintiff and TCPA 227(b) Class Members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

68. Plaintiff and TCPA 227(b) Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## SECOND CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and the TCPA 227(c) Class)

69. Plaintiff and the proposed TCPA 227(c) Class incorporate the foregoing allegations as if fully set forth herein.

70. Defendant placed, or had placed on its behalf, prerecorded and autodialed telemarketing telephone calls to Plaintiff's and TCPA 227(c) Class Members' telephone numbers.

71. Plaintiff's and TCPA 227(c) Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of calls.

72. Plaintiff and TCPA 227(c) Class Members each received two or more such calls in a 12-month period.

73. Plaintiff and TCPA 227(c) Class Members are entitled to an award of $500 in statutory damages for each call pursuant to 47 U.S.C. § 227(c)(5).

74. Plaintiff and TCPA 227(c) Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

### THIRD CAUSE OF ACTION
### Violations of Texas § 302.101 Class
### (On Behalf of Plaintiff and the Texas § 302.101 Class)

75. Plaintiff and the proposed Texas § 302.101 Class incorporate the foregoing allegations as if fully set forth herein.

76. Defendant failed to obtain a registration certificate from the Office of the Secretary of State pursuant to violated § 302.101 of the Texas Business and Commerce Code.

77. Defendant placed, or had placed on its behalf, telephone solicitations to Plaintiff's and Texas § 302.101 Class Members' telephone numbers.

78. Defendant's telephone solicitations were made from a location in Texas or to a Plaintiff and Texas § 302.101 Class Members located in Texas.

79. Plaintiff and Texas § 302.101 Class Members are entitled to an award of up to $5000 for each violation and all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

### FOURTH CAUSE OF ACTION
### Violations of Texas § 305.053 Class
### (On Behalf of Plaintiff and the Texas § 305.053 Class)

80. Plaintiff and the proposed Texas § 305.053 Class incorporate the foregoing allegations as if fully set forth herein.

81. Defendant placed, or had placed on its behalf, prerecorded and autodialed telemarketing telephone calls to Plaintiff's and Texas § 305.053 Class Members' telephone numbers.

11

82. Each of these calls violated 47 U.S.C. § 227(b) and/or 47 U.S.C. § 227(c).

83. Plaintiff and Texas § 305.053 Class Members are entitled to:

   a. a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305;

   b. the greater of $500 for each violation or Plaintiff's and Texas § 305.053 Class Members' actual damages (*see* Tex Bus. & Com. Code §304.053(b);

   c. the greater of $1,500 for each violation or Plaintiff's and Texas § 305.053 Class Members' actual damages for each call made knowingly or intentionally (*see* Tex. Bus. & Com. Code §304.053(c).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

   A. An order certifying the Classes as defined above, appointing Plaintiff as the representatives of the Classes and appointing their counsel as Class Counsel;

   B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. §§ 227(b) and (c);

   C. An order declaring that Defendant's actions, as set out above, violate Tex. Bus. & Com. Code § 302.101.

   D. An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

   E. An award of statutory damages;

   F. An award of treble damages;

    G.    An award of reasonable attorneys' fees and costs, including the costs set forth pursuant to Tex. Bus. & Com. Code § 302.302(d); and

    H.    Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

By: */s/ Chris R. Miltenberger*
Chris R. Miltenberger
Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**
1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Max S. Morgan, Esquire
Eric H. Weitz, Esquire
THE WEITZ FIRM, LLC
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com
(Pro Hac Vice Pending)

**Attorneys for Plaintiff**